UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES ELLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:18-CV-530 JD |
| | ) |
| LOCAL 4900 COMMUNICATIONS | ) |
| WORKERS OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

OPINION & ORDER

On July 16, 2018, Plaintiff James Ellis filed this employment discrimination lawsuit against Defendants AT&T and Communications Workers of America, District 4, AFL-CIO, CLC (hereinafter "National Union") [DE 1]. Almost three months later, National Union moved to dismiss the complaint asserting that Ellis failed to join a necessary party [DE 7]. In its motion, National Union explained that the allegations in Ellis' complaint (which formed the basis of his EEOC charge of discrimination) were lodged not against National Union; but rather, against its local affiliate, Communications Workers of America Local 4900 (hereinafter "Local 4900"). National Union represented that it was Local 4900 that was served with and defended the EEOC charge [DE 6 at 5, n.2]. Only ten days later, Ellis filed an amended complaint against Local 4900 and AT&T, which no longer named National Union as a defendant. As a result, National Union is automatically terminated from the action and the previously filed complaint is a nullity and of no further effect. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) (noting that once an amended pleading is filed, it supersedes the prior pleading which becomes *functus officio*) (citing *Wellness Community-National v. Wellness*

*House*, 70 F.3d 46, 49 (7th Cir. 1995)); *Barnett v. Daley*, 32 F.3d 1196, 1198 (7th Cir. 1994); *Buck v. New York Cent. R.R.*, 275 F.2d 292, 293 (7th Cir. 1960). Accordingly, National Union's motion to dismiss is DENIED AS MOOT [DE 5].

The Court now turns to Local 4900's Motion to Dismiss under Rule 12(b)(6) [DE 22] which asserts that Ellis failed to properly name and bring his claim against it within the relevant statute of limitations. While a response brief might have been helpful, the undisputed facts of record demonstrate that dismissal is not appropriate for the reasons that follow.

I. Standard of Review

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

II.     Facts

Ellis (now 54 years old) began working for AT&T as a distribution operator in February 2014. At that time, he also became a member of the union. Because Ellis suffers from diabetes and Median Arcuate Ligament Syndrome, he has taken frequent FMLA leave. In September 2017, he was one of nineteen employees scheduled to be laid off as part of a reduction in force. These nineteen employees were allowed to complete two tests for purposes of avoiding termination and being considered for placement elsewhere at AT&T. Ellis claims that "the union" administered the test (and the prep sessions) in a fashion that discriminated against him on the basis of age and disability. After failing both tests, Ellis was terminated on December 27, 2017.

Based on these events, Ellis filed an EEOC charge of discrimination (charge no. 24M-2018-00055) alleging that Communications Workers of America discriminated against him on the basis of age and disability. After receiving the EEOC's notice of right to sue (on a date not specified by the parties), Ellis filed a lawsuit on July 16, 2018, alleging that National Union violated the Americans with Disabilities Act of 1990 ("ADA") and the Age Discrimination in Employment Act of 1967 ("ADEA") [DE 1]. Ten days after National Union moved to be dismissed as an improper party and within the time prescribed to file an amended complaint as a matter of right, *see* Fed. R. Civ. P. 15(a)(1), Ellis amended his complaint on October 25, 2018 [DE 11]. While the substantive allegations remained the same, Ellis named Local 4900 as the proper defendant.

Local 4900 moves for its dismissal under Rule 12(b)(6) claiming that since Ellis had received his EEOC notice of right to sue prior to filing his original complaint, then by the time he sued Local 4900, more than 90 days had lapsed.

III.     Analysis

To file a complaint under the ADA, a plaintiff must first file a written charge of discrimination with the EEOC and then file his lawsuit within 90 days after receiving the EEOC's right to sue letter. 42 U.S.C. § 12117(a) (incorporating § 2000e-5). Likewise, under the ADEA, a plaintiff has 90 days to file his lawsuit after the EEOC notifies him that it has completed its investigation into his claims. 29 U.S.C. § 626.

Local 4900 contends that based on the original complaint's filing date of July 16, 2018 (wherein Ellis admitted to having received his right to sue letter), just over 90 days passed by the time it was named in the amended complaint on October 25, 2018. Therefore, Local 4900 asserts that Ellis' claims are untimely and that the amendment to the pleading cannot relate back to the original complaint's filing date because Ellis did not make a "mistake" concerning the proper party's identity.

> A pleading relates back to the date of the original pleading when:
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). As the Seventh Circuit stated in *Joseph v. Elan Motorsports Techs. Racing Corp.*:

> [t]he only two inquires that the district court is now permitted to make in deciding whether an amended complaint relates back to the date of the original one are, first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have

4

sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself.

638 F.3d 555, 559–60 (7th Cir. 2011) (citing Fed. R. Civ. P. 15(c)(1)(C)).

Here, Local 4900 does not contend that it lacked sufficient or timely notice of the action or that some prejudice would result from having to defend against the claims; rather, Local 4900 only asserts that no "mistake" concerning the identity of the proper party occurred.

Contrary to Local 4900's assertion, the Supreme Court has recognized that events similar to this case may be treated as a mistake for the purposes of Rule 15(c). *See Krupski v. Costa Crocier S. p. A.*, 560 U.S. 538 (2010). As Justice Sotomayor explained in *Krupski*:

> A plaintiff may know that a prospective defendant—call him party A—exists, while erroneously believing him to have the status of party B. Similarly, a plaintiff may know generally what party A does while misunderstanding the roles that party A and party B played in the "conduct, transaction, or occurrence" giving rise to her claim. If the plaintiff sues party B instead of party A under these circumstances, she has made a "mistake concerning the proper party's identity" notwithstanding her knowledge of the existence of both parties. The only question under Rule 15(c)(1)(C)(ii), then, is whether party A knew or should have known that, absent some mistake, the action would have been brought against him.

560 U.S. at 549.

Here, Local 4900 knew or should have known that it would have been named as the defendant had it not been for Ellis' mistaken beliefs about the identity of the proper defendant. As in *Maxey v. Thompson*, 680 F.2d 524 (7th Cir. 1982), where it was determined that the newly added defendant had notice of the lawsuit via the EEOC charge, Local 4900 was similarly put on notice of the same age and disability-based claims lodged against it when Ellis filed his EEOC charge of discrimination. Moreover, it is clear from these allegations that Ellis wanted to sue those ultimately responsible for directing the process used for AT&T's reduction in force testing and for determining who would escape termination. Ellis obviously knew of Local 4900's

5

existence given he'd been a member of Local 4900 since 2014, but he thought—given the inherent complexities involved with the organizational structure of labor unions—that it was the higher-ranking national affiliate—that is, National Union, which had to be sued. Given the logic in *Krupski*, this is a "mistake concerning the proper party's identity." Fed. R. Civ. Pro. 15(c)(1)(C)(ii). In these circumstances, Local 4900 knew or should have known that it would have been sued but for that mistake.

Local 4900 has neither argued nor provided any evidence to show how the mistake may have impaired its ability to defend itself or how it would be prejudiced in defending on the merits. The mistake was rectified within ten days of Ellis being made aware of it and in less than four short months after the lawsuit was commenced. The claims asserted in the amended complaint are identical to those asserted in the original complaint and arise out of the same conduct or occurrence relative to the alleged discriminatory testing procedures that were set forth in the original pleading. The only difference between the original complaint and the amended complaint is the substituting of National Union for Local 4900 as a defendant in the case. In addition, discovery is still ongoing, no dispositive motion deadline has been set, and we are a distance away from setting any trial date.

To not allow relation back in this case would represent a windfall for a prospective defendant (that is, Local 4900) who understood, or who should have understood, that it escaped being sued during the limitations period only because the plaintiff misunderstood a crucial fact about its identity. *See Krupski*, 560 U.S. at 550 (expressing that the purpose of relation back is to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits). Ellis' amended complaint therefore meets the requirements of

Rule 15(c)'s relation back inquiry, and thus, it relates back to the date of the original pleading. *See Joseph*, 638 F.3d at 559–60. With that, Ellis' allegations were timely lodged against Local 4900.

IV. Conclusion

Based on the foregoing, the Court DENIES AS MOOT National Union's motion to dismiss [DE 5] and DENIES Local 4900's motion to dismiss [DE 22].

SO ORDERED.

ENTERED: September 3, 2019

/s/ JON E. DEGUILIO
Judge
United States District Court